RECEIVED
JUL 12 2017
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 3:16-cr-70 |
| v. | ) |
| | ) **PLEA AGREEMENT** |
| AMERICA YEGILE HAILESELASSIE, | ) |
| | ) |
| Defendant. | ) |

The United States of America (also referred to as "the Government") and the Defendant, AMERICA YEGILE HAILESELASSIE, and Defendant's attorney, enter into this Plea Agreement.

## A.  CHARGES

1.  <u>Subject Offenses</u>.  Defendant will plead guilty to Count 2 of the Indictment that charges Interstate Communication of a Threat, in violation of Title 18, United States Code, § 875(c).

2.  <u>Charges to be Dismissed</u>.  If the Court accepts this plea agreement, and defendant fully complies with all the terms and conditions herein, Count 1 will be dismissed after sentencing on Count 2.

3.  <u>No Further Prosecution</u>.  The Government agrees that Defendant will not be charged in the Southern District of Iowa with any other federal criminal offense arising from or directly relating to this investigation.  However, this paragraph and this Plea Agreement do not apply to any criminal act occurring after the date of this agreement.

1

## B. MAXIMUM PENALTIES

4. <u>Maximum Punishment</u>. Defendant understands that the crime charged in Count 2 carries a maximum penalty of not more than (5) five years' imprisonment, up to a $250,000 fine, and a term of supervised release of not more than (3) three years. A mandatory special assessment of $100 per count also must be imposed by the sentencing court.

5. <u>Supervised Release--Explained</u>. Defendant understands that, during any period of supervised release or probation, Defendant will be under supervision and will be required to comply with certain conditions. If Defendant were to violate a condition of supervised release, Defendant could be sentenced up to (2) two years in prison, without any credit for time previously served.

6. <u>Detention</u>. Pursuant to 18 U.S.C. § 3143, Defendant agrees that Defendant will remain in custody following the completion of the entry of Defendant's guilty plea to await the imposition of sentence.

## C. NATURE OF THE OFFENSE -- FACTUAL BASIS

7. <u>Elements Understood</u>. Defendant understands that to prove the offense alleged under **Count 1 (Interstate Communication of a Threat)** in violation of Title 18, United States Code, § 875(c), the Government would be required to prove beyond a reasonable doubt the following elements:

(1) On or about the dates alleged in the indictment, the Defendant knowingly sent a message in interstate commerce; and

(2) This message contained a true threat to injure the person of another.

The defendant must have transmitted the message for the purpose of issuing a threat, or with knowledge that the communication will be viewed as a threat. *See Elonis v. United States*, -- U.S. --, 135 S.Ct. 2001, 2012 (2015).

8. <u>Elements Admitted</u>.  As a factual basis for his plea of guilty, Defendant admits the following:

    a. On November 4, 2015 at 10:35, Scott County Sheriff's Office (SCSO) deputies were called to Scott Community College (SCC) in Davenport and showed a stack of printed paper from the Student Success Center, which each contained a printed message: "There is a bomb at Scott Community College.  It will explode at noon today."  Davenport is in the Southern District of Iowa.

    b. A SCC employee reported that he/she was working in the Student Success Center and noticed a large stack of papers being printed.  The employee went over, cancelled the print job, and saw the printed paper contained the bomb threat.  At the time this employee was cancelling the print job, he/she observed an address/Gmail account of amhaileselassie@gmail.com.  Time on printer was 12:28:27 (Dean Smith later explained to law enforcement that the printer was two hours ahead).

    c. SCSO learned that former student, America Haileselassie, had been verbally advised he was suspended the week before by the SCC Dean of Students.  An official suspension letter was mailed to Haileselassie on November 2nd.  The SCC building was searched and nothing was found.

    d. Subpoenaed records for Google account amhaileselassie@gmail.com showed that the account was created under subscriber name America Haileselassie.  An IP address was also identified to this Google account.  Additional records showed this identified IP address had been accessed 17 times from this Gmail account and that this IP address belonged to Mediacom.  Mediacom records listed this account belonged to Mulumebet Haileselassie at an address on Summertree Avenue, Bettendorf, IA.  Mulumebet Haileselassie is known to be the mother of America Haileselassie.  America Haileselassie was known through past investigations to live with his mother at this address.

    e. IT personnel at SCC, sought to block further access to the printer by changing the IP address for the printer in the Student Success Center.

    f. On November 11, 2015, a pornographic photo was sent to the same printer at the student success center from amhaileselassie@gmail.com.

    g. After the November 11th incident, IT personnel at SCC were able to figure out how access was still being obtained to the same printer.  In reviewing Google Chrome history for the computers in the Student Success Center, they were able to determine that on October 28, 2015 at approximately 8:08 am. a student accessed via a school computer a personal google mail account and setup via enabled cloud access the printer in the Student Success Center.  This allowed

3

the google mail account holder to print to the Student Success Center using any device simply by accessing the individual's google mail account. This forensic review of Google Chrome history also showed that on October 28, 2015 at approximately 8:08 am this access was enabled to allow the account holder amhaileselassie.gmail.com to cloud print to the printer in the Student Success Center.

h. Law enforcement also obtained a video recording and a written log in book for the Student Success Center for October 28, 2015. This video recording showed an individual identified as America Haileselassie enter the Student Success Center at 8:08 a.m., sign in the log book, go to the computer area, and then leave and sign out at 8:12 a.m.

i. The November 4th printed bomb threat showed the print job originated from amhaileselassie.gmail.com. Records from Mediacom showed that the Haileselassie account at the Summertree address accessed the internet 17 times on November 4, 2015 during the time before the bomb threat was printed.

j. Defendant admits that on November 4, 2015, he knowingly transmitted over the internet the threat described above in subparagraph (a) to SCC.

k. Defendant admits that he knew the communication referenced in subparagraph (a) would be viewed as a threat.

9. <u>Truthfulness of Factual Basis</u>. Defendant acknowledges that the above statements are true. Defendant understands that, during the change of plea hearing, the judge and the prosecutor may ask Defendant questions under oath about the offense to which Defendant is pleading guilty, in the presence of Defendant's attorney. Defendant understands that Defendant must answer these questions truthfully, and that Defendant can be prosecuted for perjury if Defendant gives any false answers.

10. <u>Venue</u>. Defendant agrees that venue for this case is proper for the United States District Court for the Southern District of Iowa.

**D.     SENTENCING**

11.     <u>Sentencing Guidelines</u>.  Defendant understands that Defendant's sentence will be determined by the Court after considering the advisory United States Sentencing Guidelines, together with other factors set forth by law.  The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which include, but are not limited to the following:

      (a)     The nature of the offense to which defendant is pleading;

      (b)     The nature and extent of Defendant's criminal history (prior convictions); and

      (c)     Acceptance or lack of acceptance of responsibility.

Defendant understands that, under some circumstances, the Court may "depart" or "vary" from the Sentencing Guidelines and impose a sentence more severe or less severe than provided by the guidelines, up to the maximum in the statute of conviction.  Defendant has discussed the Sentencing Guidelines with Defendant's attorney.

12.     <u>Acceptance of Responsibility</u>.  The Government agrees to recommend that Defendant receive credit for acceptance of responsibility under USSG §3E1.1.  The Government reserves the right to oppose a reduction under §3E1.1 if after the plea proceeding Defendant obstructs justice, fails to cooperate fully and truthfully with the United States Probation Office, attempts to withdraw Defendant's plea, or otherwise engages in conduct not consistent with acceptance of responsibility.  If the base offense level is 16 or above, as determined by the Court, the Government agrees that Defendant should receive a 3-level reduction, based on timely notification to the Government of Defendant's intent to plead guilty.

13. <u>Presentence Report</u>. Defendant understands that the Court may defer a decision as to whether to accept this Plea Agreement until after a Presentence Report has been prepared by the United States Probation Office, and after Defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report. The parties are free to provide all relevant information to the Probation Office for use in preparing a Presentence Report.

14. <u>Evidence at Sentencing</u>. The parties may make whatever comment and evidentiary offer they deem appropriate at the time of sentencing and entry of plea, provided that such offer or comment does not violate any other provision of this Plea Agreement. Nothing in this Plea Agreement restricts the right of Defendant or any victim to make an allocution statement, to the extent permitted under the Federal Rules of Criminal Procedure, nor does this Plea Agreement convey any rights to appear at proceedings or make statements that do not otherwise exist.

15. <u>Sentence to be Decided by Judge -- No Promises</u>. This Plea Agreement is entered pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. The government agrees not to recommend an upward variance. Defendant understands that the final sentence, including the application of the Sentencing Guidelines and any upward or downward departures, is within the sole discretion of the sentencing judge, and that the sentencing judge is not required to accept any factual or legal stipulations agreed to by the parties. Any estimate of the possible sentence to be imposed, by a defense attorney or the Government, is only a prediction, and not a promise, and is not binding. Therefore, it is uncertain at this time what each Defendant's actual sentence will be.

16. <u>No Right to Withdraw Plea</u>. Defendant understands that Defendant will have no right to withdraw Defendant's plea if the sentence imposed, or the application of the Sentencing Guidelines, is other than what Defendant anticipated, or if the sentencing judge declines to follow the parties' recommendations.

### E. FINES, COSTS, AND RESTITUTION

17. <u>Fines and Costs</u>. Issues relating to fines and/or costs of incarceration are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing.

18. <u>Special Assessment</u>. Defendant agrees to pay the mandatory special assessment of $100 per count at or before the time of sentencing, as required by 18 U.S.C. § 3013.

19. <u>Restitution</u>. Defendant agrees that if the Court should impose an order of restitution for; that such order of restitution shall be due and payable immediately; and that if Defendant is not able to make full payment immediately, Defendant shall cooperate with the United States Probation Office in establishing an appropriate payment plan, which shall be subject to the approval of the Court, and thereafter in making the required payments. Any such payment plan does not preclude the Government from utilizing any collections procedures pursuant to the Federal Debt Collections Act and including the Treasury offset program.

20. <u>Financial Statement</u>. Defendant agrees to complete truthfully and in full a financial statement provided by the U.S. Attorney's Office, and return the financial statement to the U.S. Attorney's Office within 30 days of the filing of this Plea Agreement.

## F. LIMITED SCOPE OF AGREEMENT

21. <u>Limited Scope of Agreement</u>. This Plea Agreement does not limit, in any way, the right or ability of the Government to investigate or prosecute Defendant for crimes occurring outside the scope of this Plea Agreement. Additionally, this Plea Agreement does not preclude the Government from pursuing any civil or administrative matters against Defendant, including, but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.

22. <u>Agreement Limited to Southern District of Iowa</u>. This Plea Agreement is limited to the United States Attorney's Office for the Southern District of Iowa, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

## G. WAIVER OF TRIAL, APPEAL AND POST-CONVICTION RIGHTS

23. <u>Trial Rights Explained</u>. Defendant understands that this guilty plea waives the right to:

   (a) Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

   (b) A speedy and public trial by jury, which must unanimously find Defendant guilty before there can be a conviction;

   (c) The assistance of an attorney at all stages of trial and related proceedings, to be paid at Government expense if Defendant cannot afford to hire an attorney;

   (d) Confront and cross-examine adverse witnesses;

   (e) Present evidence and to have witnesses testify on behalf of Defendant, including having the court issue subpoenas to compel witnesses to testify on Defendant's behalf;

   (f) Not testify or have any adverse inferences drawn from the failure to testify (although Defendant also has the right to testify, if Defendant so chooses); and

  (g) If Defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at Government expense if Defendant cannot afford to hire an attorney.

24. <u>Waiver of Appeal and Post-Conviction Review</u>.  Defendant knowingly and expressly waives any and all rights to appeal Defendant's conviction in this case, including a waiver of all motions, defenses and objections which Defendant could assert to the charge(s) or to the court's entry of judgment against Defendant; except that both Defendant and the United States preserve the right to appeal any sentence imposed by the district court, to the extent that an appeal is authorized by law.  Also, Defendant knowingly and expressly waives any and all rights to contest Defendant's conviction in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255.  These waivers are full and complete, except that they do not extend to the right to appeal or seek post-conviction relief based on grounds of ineffective assistance of counsel or prosecutorial misconduct.

## H. VOLUNTARINESS OF PLEA AND OPPORTUNITY TO CONSULT WITH COUNSEL

25. <u>Voluntariness of Plea</u>.  Defendant represents that Defendant's decision to plead guilty is Defendant's own, voluntary decision, and that the following is true:

  (a) Defendant has had a full opportunity to discuss all the facts and circumstances of this case with Defendant's attorney, and Defendant has a clear understanding of the charges and the consequences of this plea, including the maximum penalties provided by law.

  (b) No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.

  (c) No one has threatened Defendant or Defendant's family to induce this guilty plea.

  (d) Defendant is pleading guilty because in truth and in fact Defendant is guilty and for no other reason.

26. <u>Consultation with Attorney</u>. Defendant has discussed this case and this plea with Defendant's attorney and states that the following is true:

    (a)    Defendant states that Defendant is satisfied with the representation provided by Defendant's attorney.

    (b)    Defendant has no complaint about the time or attention Defendant's attorney has devoted to this case nor the advice the attorney has given.

    (c)    Although Defendant's attorney has given Defendant advice on this guilty plea, the decision to plead guilty is Defendant's own decision. Defendant's decision to enter this plea was made after full and careful thought, with the advice of Defendant's attorney, and with a full understanding of Defendant's rights, the facts and circumstances of the case, and the consequences of the plea.

## I. GENERAL PROVISIONS

27. <u>Entire Agreement</u>. This Plea Agreement, and any attachments, is the entire agreement between the parties. Any modifications to this Plea Agreement must be <u>in writing</u> and signed by all parties.

28. <u>Public Interest</u>. The parties state this Plea Agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

29. <u>Execution/Effective Date</u>. This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below.

## J. SIGNATURES

30. <u>Defendant</u>. I have read all of this Plea Agreement and have discussed it with my attorney. I fully understand the Plea Agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will. No promises have been made to me other than the promises in this Plea Agreement. I have not been threatened in any way to get me to enter into this Plea Agreement. I am satisfied with the services of my attorney with regard to this Plea Agreement and other matters associated with this case. I am entering into this Plea Agreement and will enter my plea of guilty under this Agreement because I committed the crime to which I am pleading guilty. I know that I may ask my attorney and the judge any questions about this Plea Agreement, and about the rights that I am giving up, before entering into the plea of guilty.

_7/7/2017_  
Date

_A. Yegile Haileselassie_ (signature)  
America Yegile Haileselassie

31. <u>Defendant's Attorney</u>. I have read this Plea Agreement and have discussed it in its entirety with my client. There is no Plea Agreement other than the agreement set forth in this writing. My client fully understands this Plea Agreement. I am satisfied my client is capable of entering into this Plea Agreement, and does so voluntarily of Defendant's own free will, with full knowledge of Defendant's legal rights, and without any coercion or compulsion. I have had full access to the Government's discovery materials, and I believe there is a factual basis for the plea. I concur with my client entering into this Plea Agreement and in entering a plea of guilty pursuant to the Plea Agreement.

_7/11/17_  
Date

Terence McAtee  
Assistant Federal Defender  
CBI Bank & Trust Building  
101 W. 2nd Street, Suite 401  
Davenport, Iowa 52801-1815  
(563) 322-8931  
(563) 383-0052 FAX  
terry_mcatee@fd.org

32. <u>United States</u>.   The Government agrees to the terms of this Plea Agreement.

                          Kevin E. VanderSchel
                          United States Attorney

7/12/17
Date

By: _____
Richard D. Westphal
Assistant U.S. Attorney
United States Courthouse, Suite 310
131 East 4th Street
Davenport, IA 52801
Tel: (563) 449-5432
Fax: (563) 449-5433
Rich.Westphal@usdoj.gov